**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**MICHAEL JAMES WELLS,**

                                        **Plaintiff,**

      **vs.**                                                           **8:26-CV-1144**
                                                                         **(MAD/MJK)**

**ATTORNEY BRIAN BARRETT,**

                                        **Defendant.**

---

**APPEARANCES:**                                        **OF COUNSEL:**

**MICHAEL JAMES WELLS**
11-A-2829
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902
Plaintiff, *Pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

*Pro se* Plaintiff Michael James Wells filed a complaint on May 23, 2026, against Brian Barrett, an attorney who represented Plaintiff in a state court criminal matter, alleging ineffective assistance of counsel. *See* Dkt. No. 1. Plaintiff also moved to proceed *in forma pauperis* ("IFP"), and for the appointment of counsel. *See* Dkt. Nos. 2, 4. On June 12, 2026, Magistrate Judge Mitchell J. Katz granted Plaintiff's IFP motion, and recommended denying the motion for counsel and dismissing Plaintiff's complaint. *See* Dkt. No. 6. Plaintiff's deadline to file objections to the Order and Report-Recommendation was July 1, 2026. Plaintiff has not filed any objections.[1]

---

[1] On July 13, 2026, the Clerk's Office received Plaintiff's signed Pro Se Notice, which was stamped by Elmira Correctional Facility on July 7, 2026. *See* Dkt. No. 7. The Court has not otherwise received any correspondence from Plaintiff.

1

When a party files specific objections to a magistrate judge's report-recommendation and order, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). A proper objection must be timely, specific, and "not raise new arguments not previously made before the magistrate judge." *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 358 (2d Cir. 2025) (citation omitted). When a party declines to file objections, or "fails to properly object[,]" the district judge reviews the report-recommendation for clear error. *Id.* at 358-59. After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Here, because Plaintiff did not file any objections, the Court will review Magistrate Judge Katz's recommendations for clear error.

The Court finds no clear error in Magistrate Judge Katz's Order and Report-Recommendation. Dismissal of the complaint is appropriate because, "an ineffectiveness cause of action would be inappropriate in a proceeding brought under [42 U.S.C.] § 1983." *Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981); *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997)). The Court, therefore, agrees that Plaintiff's complaint must be dismissed for lack of subject matter jurisdiction. *See Harrison v. New York*, 95 F. Supp. 3d 293, 328 (E.D.N.Y. 2015) (collecting cases to support the proposition that "public defenders, including Legal Aid attorneys, court-appointed counsel and private attorneys do not act under the color of state law merely by virtue of their position").

Magistrate Judge Katz recommended dismissing the complaint without prejudice and without leave to amend. *See* Dkt. No. 6. The Court, again, agrees. "[D]ismissals for lack of subject matter jurisdiction 'must be without prejudice, rather than with prejudice.'" *Green v. Dep't*

*of Educ. of City of New York*, 16 F.4th 1070, 1074 (2d Cir. 2021) (citation omitted).  However, because there is no indication that Plaintiff could amend his complaint to cure the deficiency, leave to amend is denied.

After carefully reviewing the Order and Report-Recommendation, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Katz's Order and Report-Recommendation (Dkt. No. 6) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's motion to appoint counsel (Dkt. No. 4) is **DENIED**; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED without prejudice and without leave to amend**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgement in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  July 16, 2026
      Albany, New York

Mae A. D'Agostino
U.S. District Judge

3